UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS J. DAVEREDE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-463** |
| **STATE FARM FIRE & CASUALTY COMPANY** | **SECTION "L" (5)** |

### ORDER AND REASONS

Before the Court is Plaintiff Louis Daverede's Motion to Remand. R. Doc 7. Defendant opposes the motion. R. Doc 8. Considering the briefing of the parties, the record, and the applicable law, the Court now rules as follows.

## I. BACKGROUND

This is a motion to remand. Plaintiff Louis Daverede sued Defendant State Farm Fire and Casualty Company ("State Farm") in state court contending that State Farm improperly refused to compensate him for damage to his property as required by the terms of the parties' insurance policy ("the Policy"). R. Doc 7-2 at 1. Plaintiff alleges that, on June 18, 2020, a pipe burst in his home and caused damage covered by the Policy. *Id.*. Plaintiff seeks a monetary award for damages to the structure and the contents of his home. *Id.* at 2.

Defendant generally denies liability, asserting that the Policy does not cover the type of losses Plaintiff sustained. R. Doc. 7-3 at 1-3.

Plaintiff filed his state court petition in the 34th Judicial District for the Parish of St. Bernard on May 27, 2021. R, Doc 7; R. Doc. 7-1 at 1. Nearly eight months later, on February 22, 2022, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). R. Doc 8 at 1.

## II. PRESENT MOTION

Plaintiff moves to remand this matter to state court, arguing that State Farm's removal was untimely. R. Doc 7; R Doc 7-1 at 1. Plaintiff makes two main arguments in support. R Doc 7-1. First, Plaintiff asserts that the case was removable at the time he filed his state court petition on May 27, 2021. *Id.* at 2-3. Thus, Defendant missed its thirty-day window to remove the matter as it filed for removal almost eight months later. *Id*. Second, Plaintiff contends that, even if the case was not removable at the time he filed his petition, it became removable when, on January 2, 2022, Defendant sent Plaintiff damage estimates of $88,315, exceeding the $75,000 amount in controversy requirement for diversity jurisdiction. *Id.* at 4. Thus, Plaintiff claims that the removal clock began running, at the latest, on January 2, 2022, and lapsed before Defendant's attempted removal on February 22, 2022. *Id.*

Defendant opposes the motion. R. Doc. 8. State Farms argues that the case did not become removable until January 27, 2022, when Plaintiff sent Defendant discovery responses claiming damages above $75,000. *Id.* at 2. Defendant filed its notice of removal within thirty days of receipt of that information, and thus removal was timely. *Id.*

## III. DISCUSSION

Plaintiff's argument that removal was untimely hinges on the contention that State Farm's thirty-day window to remove the case began either (1) at the filing of the petition on May 27, 2021 or (2) when State Farm sent Plaintiff damage estimates of $88,315 on January 2, 2022. R. Doc 7-1. The court considers each argument in turn.

"Federal courts are courts of limited jurisdiction." *Transitional Hosps. Corp. of La. v. Am. Postal Workers Union Health Plan*, No. 09-6245, 2010 WL 187388, at *2 (E.D. La. Jan. 13, 2010). Any case filed in state court may be removed to federal court if a federal court has

concurrent jurisdiction and other statutory requirements are met. *See* 28 U.S.C. § 1441(b-c); *see also* 28 U.S.C. § 1332(a). Federal court diversity jurisdiction has two requirements: (1) complete diversity of citizenship and (2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

In addition, a party must meet the timeliness requirements of 28 U.S.C. §1446 to remove a case to federal court. "When read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic Inc.*, 969 F.2d 160, 161 (5th Cir. 1992); *see also Wright v. National Interstate Insurance Co.*, CV 16-16214, 2017 WL 344283 at *2 (E.D. La. Jan. 24, 2017). The first step requires the court to determine "if the case as stated by the initial pleadings is removable;" if so, then "notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman*, 969 F.2d at 161. If the case was not removable at the pleading stage, the court moves on the second step: determining whether the defendant has received any "amended pleading, motion, order, or other paper" from which the defendant can "ascertain that the case is removable." 28 U.S.C § 1446(b)(3); *Chapman*, 969 F.2d at 161. If so, the defendant must file for removal within thirty days of receiving such document. *Chapman*, 969 F.2d at 161.

**A. Step One: Whether the Case was Removable Based on the State Court Petition**

In order for a diversity case to be removable at the initial pleading stage, the pleading must "affirmatively reveal[] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id.* at 163. Louisiana law does not permit a plaintiff to plead a specific amount of money damages. *Atkins v. Lexington Ins. Co.*, No. 06-1254, 2006 WL 1968895, at *2 (E.D. La. July 12, 2006). However, if a plaintiff "wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, [she is required]

to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 161.

Significantly, pleadings that simply assert that damages are substantial or contain allegations that imply that damages might be above the jurisdictional amount do *not* contain the required "specific allegation" that the jurisdictional amount is met. *See, e.g. Welp v. Hanover Ins. Co.*, No. 07-8859, 2008 WL 235348, at *2 (E.D. La. Jan. 28, 2008) (holding that the court could not "simply assume" that the amount in controversy was above $75,000 when the plaintiff filed suit against her insurer alleging that her home had sustained "extensive damages" that would require "massive repairs"); *Atkins,* 2006 WL 1968895, at *2 (holding that a petition describing many types of structural and water damage did not make it "facially apparent" that the amount in controversy exceeded $75,000). Here, Plaintiff's state court petition merely mentions "substantial damage" and describes types of potentially costly damage such as "replacing plumbing" and "replacing drywall." R. Doc 7-2 at -12. This does not suffice to "specific[ally] alleg[e]" that the amount of damages meets the jurisdictional amount. *Chapman*, 969 F.2d at 161. Defendant's thirty-day time period to file for removal therefore did not begin upon receipt of Plaintiff's petition. Consequently, the court must move to the second step of the test for timeliness of removal. *Id.*

**B. Step Two: Whether and When the Case Became Removable Based on Defendant's Subsequent Receipt of "Other Paper"**

As noted, under the second step of the pertinent test, the thirty-day period for removal begins upon a defendant's receipt of an "amended pleading, motion, order, or other paper" from which the defendant "can ascertain that the case is removable." 28 U.S.C § 1446(b)(3); *Chapman*, 969 F.2d at 161. Importantly, "[t]he Fifth Circuit has indicated that th[is] "other paper" conversion requires a *voluntary act by the plaintiff.*" *S.W.S. Erectors, Inc. v. Infax, Inc.*,

4

72 F.3d 489, 494 (5th Cir. 1996) (emphasis in original) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)). Therefore, "evidence [produced by] the defendant" or "the defendant's subjective knowledge" cannot begin the clock for removal. *S.W.S. Erectors,* 72 F.3d at 494.

Items prepared by a defendant during discovery and sent by it to a plaintiff are merely "evidence of the defendant," rather than evidence of the required "*voluntary act by the plaintiff.*" *Id.* Consequently, the issuance by a defendant to a plaintiff of documents evidencing the potential extent of damages does not trigger the running of the time period to remove a case. *See id.* For example, in *S.W.S Erectors, Inc. v. Infax, Inc.*, the Fifth Circuit held that the defendant did not receive "other paper"—and thus the time window to remove a case did not begin to run—when counsel for the defendant company swore out an affidavit stating that the damages exceeded the amount-in-controversy requirement and sent the affidavit to the plaintiff. *Id.*

Here, Plaintiff argues that State Farm received "other paper," and the removal clock therefore began, when State Farm sent Plaintiff its own estimate of damages, totaling $88,315. R. Doc 7-1 at 4. But, under *S.W.S Erectors Inc.*, State Farm's transmission of its own damage estimate is simply not a "*voluntary act by the plaintiff,*" as is required to constitute defendant's receipt of "other paper" within the meaning of 28 U.S.C. § 1446(b)(3). 72 F.3d at 494. Thus, the removal clock did not begin to run when Defendant sent its estimates to Plaintiff on January 2, 2022. Rather, as Defendant argues, the case became removable only when Plaintiff voluntarily sent discovery responses to State Farm on January 27, 2022, which included estimates totaling $88,831. R. Doc 8 at 2; R. Docs 1-3 – 1-7. Defendant filed for removal within thirty days of receiving those documents, rendering its removal timely. R. Doc 8 at 2.

5

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc 7, is **DENIED.**

New Orleans, Louisiana this 6th day of June, 2022.

_____
Eldon E. Fallon
United States District Judge